# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD M. WILSON,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
DC-0831-13-0423-P-1

DATE: February 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard M. Wilson, Fairfax Station, Virginia, pro se.

Kristine Prentice, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for compensatory and consequential damages. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](5 C.F.R. § 1201.115)). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to address the appellant's assertions, made for the first time on review, that he is a whistleblower and that the Board's prior order in his retirement appeal constitutes an order for corrective action, but we conclude that he is not entitled to compensatory or consequential damages. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      In *Wilson v. Office of Personnel Management*, MSPB Docket No. DC-0831-13-0423-I-1, Final Order (July 24, 2014), the Board granted the appellant's petition for review of an initial decision that affirmed the Office of Personnel Management's (OPM's) reconsideration decision informing him that his Civil Service Retirement System survivor annuity would be offset based on his entitlement to benefits under the Social Security Act when he turned 60. The Board reversed the initial decision because the appellant was not entitled to social security survivor benefits, and it ordered OPM to recalculate the appellant's survivor annuity. *Id.*

¶3      The appellant subsequently filed a request for compensatory and consequential damages. *Wilson v. Office of Personnel Management*, MSPB

Docket No. DC-0831-13-0423-P-1, Request for Damages File (RDF), Tab 1. The administrative judge issued an order to show cause which explained that compensatory damages were only available in certain circumstances, stated that the appellant's retirement appeal pursuant to 5 U.S.C. chapter 83 did not authorize the Board to award compensatory damages, and ordered him to show cause why the appeal should not be dismissed. RDF, Tab 2. The appellant filed a response. RDF, Tab 4.

¶4      The administrative judge issued an initial decision that denied the appellant's request for damages. RDF, Tab 6, Initial Decision (ID). The administrative judge noted that consequential damages are only awarded where the Board orders corrective action in a whistleblower appeal or a Special Counsel complaint, and compensatory damages are only awarded based on a finding of unlawful intentional discrimination or a violation under the Whistleblower Protection Enhancement Act of 2012, but she concluded that there were no findings of unlawful intentional discrimination or reprisal for whistleblowing in connection with the appellant's retirement appeal. ID at 3.

¶5      The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply. Petition for Review (PFR) File, Tabs 1, 4-5. On petition for review, the appellant alleges that the initial decision was flawed, and he accuses OPM of "deliberately embezzl[ing]" money from his retirement annuity. PFR File, Tab 1 at 1. For the first time on review, he seems to be trying to establish himself as a whistleblower, stating, among other things, that: (1) he "expose[d] misconduct" and/or "alleged dishonest or illegal activity in a Government agency"; and (2) the Board ordered corrective action in the retirement appeal. *Id.* at 4. In his reply to the agency's response to the petition for review, the appellant also asserts that OPM discriminated against survivor annuitants of federal retirees, which he states is a protected class. PFR File, Tab 5 at 2.

¶6      An award of consequential damages is authorized in only two situations: where the Board orders corrective action in a whistleblower appeal under 5 U.S.C. § 1221, or where the Board orders corrective action in a Special Counsel complaint under 5 U.S.C. § 1214. *Seibel v. Department of the Treasury*, 87 M.S.P.R. 260, ¶ 15 n.3 (2000); 5 C.F.R. § 1201.201(c). An appellant may recover compensatory damages when he prevails in a Board appeal based on a finding of intentional discrimination under Title VII of the Civil Rights Act of 1964, a finding that the agency failed to make a reasonable accommodation for a qualified disabled person, a finding of illegal retaliation for the appellant's protected equal employment opportunity activity, or where the Board orders corrective action in a whistleblower appeal under 5 U.S.C. § 1221. *See Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 19 (2012); *see also Seibel*, 87 M.S.P.R. 260, ¶ 15; 5 C.F.R. §§ 1201.201(d), 1201.202(c). Because the Board did not order corrective action in a whistleblower appeal[2] or a Special Counsel complaint, and it did not make a finding of discrimination or retaliation in his retirement appeal, the appellant is not entitled to compensatory and/or consequential damages.

---

[2] The Board generally will not consider an argument raised for the first time on review. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). We MODIFY the initial decision, however, to consider the appellant's efforts to establish himself as a whistleblower on review because the administrative judge acknowledged that she did not discuss his request for consequential damages in her order to show cause. *See* ID at 2 n.1. Thus, the appellant only received notice of what was required to demonstrate his entitlement to consequential damages in the initial decision. *See* ID at 3; *see, e.g.*, *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (explaining that an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the initial decision puts him on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on petition for review). Because the Board's order in the retirement appeal did not constitute an order for corrective action under 5 U.S.C. § 1221, the appellant is not entitled to damages, and we need not specifically address whether he made whistleblowing disclosures.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                    _____
                                                  William D. Spencer
                                                  Clerk of the Board

Washington, D.C.